JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 10-01508-CJC(MLGx)            Date: October 14, 2010

Title: US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE LXS 2006-16N TRUST FUND ITD ASSIGNEES AND/OR SUCCESSORS IN INTEREST v. EHKY GUTIERREZ HERNANDEZ ET AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Michelle Urie                                N/A
Deputy Clerk                                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING US BANK NATIONAL ASSOCIATION'S EX PARTE APPLICATION TO REMAND** [filed 10/7/10]

## Introduction

On May 21, 2010, Plaintiff US Bank National Association ("US Bank") filed this action for unlawful detainer against Defendant Ehky Gutierrez Hernandez and fictitious defendants ("Defendants") in the Superior Court of California for the County of Orange. On October 6, 2010, Defendant William Thornton filed a notice of removal to this Court. US Bank filed this *ex parte* application to remand this action to state court. For the following reasons, US Bank's application to remand is GRANTED.

## Background

US Bank became the owner of the premises located at 7803 Orchid Drive, Buena Park, CA 90620 at a duly conducted foreclosure sale on March 22, 2010. On May 13, 2010, US Bank served Ehky Gutierrez and all other persons in possession of the premises written notice requiring them to quit the premises. On May 21, 2010, US Bank filed an action for unlawful detainer under California state law. Defendants filed a Demurrer to the Complaint that was overruled by the Superior Court on July 15, 2010. On July 19,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-01508-CJC(MLGx)  Date: October 14, 2010
 Page 2

2010, Defendant William Thornton filed for Chapter 13 bankruptcy. US Bank obtained relief from the automatic stay in the bankruptcy case on September 16, 2010, and then obtained a default and judgment for unlawful detainer from the Superior Court on September 23, 2010. The Superior Court issued a Writ of Possession on September 30, 2010. On October 6, 2010, Defendant William Thornton removed the case to federal court under 28 U.S.C. § 1441, alleging diversity jurisdiction and federal question jurisdiction, and under 28 U.S.C. § 1443, alleging that the proceedings in the state court were improper and deprived him of his civil rights to own property.

**Analysis**

A civil action brought in a state court but over which a federal court may exercise original jurisdiction may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). However, "[a] suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A federal court can assert subject matter jurisdiction over cases that: (1) involve questions arising under federal law; or (2) are between diverse parties and involve an amount in controversy of over $75,000. 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Mr. Thornton has failed to meet his burden to establish federal question jurisdiction under 28 U.S.C. § 1331. The well-pleaded complaint rule is a fundamental tenet of federal question jurisdiction. A cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Mr. Thornton does not provide any factual basis to support his allegations that US Bank's unlawful detainer suit is a federal question disguised as a state law claim. Mr. Thornton's allegation that the state court proceeding violates the federal Truth in Lending Act, Fair Debt Collection Practices Act also fails to establish federal question jurisdiction. A defendant may not remove a case by asserting a defense based in federal law, and "original jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan*, 813 F.2d at 1372.

Mr. Thornton has also failed to meet his burden to establish diversity jurisdiction under 28 U.S.C. § 1332, because he has not alleged that the parties in this case are citizens of different states. Moreover, even if the threshold requirements for diversity jurisdiction were satisfied, Section 1441(b) prohibits removal of an action based on diversity jurisdiction where the defendant seeking removal is a resident of the state where the action is brought. 28 U.S.C. § 1441(b). The "forum defendant" rule reflects the understanding that federal diversity jurisdiction is not necessary to protect the interests of in-state defendants. *Spencer v. U.S. Dist. Court*, 393 F.3d 867, 870 (9th Cir. 2004). Mr. Thornton has not challenged US Bank's verified pleading that he is an occupant of the property in Buena Park, California or alleged that he is not a resident of California, and therefore removal is also barred by the "forum defendant" rule.

A state court action may also be removed by the defendant if the defendant "is denied or cannot enforce in the courts of [the] State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443. Mr. Thornton's bare allegation that the state court unlawful detainer action has deprived him of the "right to own property without suffering fraudulent foreclosure and eviction," (Def.'s Notice of Removal ¶ 9), does not establish a basis for removal. Mr. Thornton has not alleged the violation of any law providing for equal civil rights, nor has he alleged any facts that show that he cannot enforce his civil rights in state court.

**Conclusion**

For the foregoing reasons, US Bank's *ex parte* application to remand is GRANTED. This action is hereby REMANDED to state court.

mkyc

MINUTES FORM 11
CIVIL-GEN                                                                                       Initials of Deputy Clerk MU